UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                   Case No. 24-44945

SONIA CARTER,                               Chapter 7

           Debtor.                              Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION,
EXCEPT GRANTING THE DEBTOR AN EXTENSION OF TIME
TO PAY FILING FEES**

The Debtor in this case, Sonia Carter, has filed eleven bankruptcy cases in this Court, including this Chapter 7 case. Of the previous ten cases, the last nine were dismissed for various reasons, with the Debtor having failed to pay the filing fees in seven of those cases. The Debtor now seeks relief from the Court's recent order requiring that she pay all the overdue filing fees.

This case is before the Court on the Debtor's motion entitled "Motion for Relief From Order," filed on June 10, 2024 (Docket # 18, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's May 24, 2024 Order, entitled "Order Denying Debtor's Application to Pay Filing Fees In Installments, Because of the Debtor's Failure to Pay Filing Fees for Prior Cases" (Docket # 13, the "May 24 Order").

In pertinent part, the May 24 Order states:

> The Debtor has filed an application to pay filing fees in installments in this case (Docket # 4). A review of court records show that the Debtor filed the following cases in this Court, and still owes filing fees in the following amounts:
>
> | | |
> |---|---|
> | 03-67209 | $194.00 |
> | 05-64955 | $194.00 |
> | 05-88153 | $94.00 |
> | 07-65467 | $274.00 |
> | 08-49406 | $299.00 |

        08-70934                               $299.00
        13-61871                               $231.00

> All of the above cases were dismissed without the Debtor paying the filing fees in full. To date, a balance of $1,585.00 is owed to the Bankruptcy Court, not including the $338.00 filing fee owed for the current case. Therefore,
>
> IT IS ORDERED that the Application to Pay Filing Fees in Installments (Docket # 4) is DENIED.
>
> IT IS FURTHER ORDERED that the Debtor must pay the filing fees for this case and for all her above-listed prior cases, in full, in the total amount of $1,923.00, [on] or before June 7, 2024. Failure to pay the filing fee in full by that date will result in the entry of an order to show cause and required appearance at the hearing.

In seeking reconsideration and relief from the May 24 Order, the Motion seeks an order stating that the Debtor does not have to pay the unpaid filing fees for any of the Debtor's prior cases, but instead only must pay the $338.00 filing fee for this case. And the Debtor asks for an extension of time to pay that $338.00 filing fee. Alternatively, the Motion asks the Court to extend the deadline for the Debtor to pay whatever filing fees she owes, until the date that is 180 days after the petition date in this case — *i.e.*, until Monday, November 18, 2024.

The Court will deny the Motion, except for the limited and conditional extension of time described below, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

Second, the allegations in the Motion do not establish any valid ground for relief from the May 24 Order.

Third, as a motion for reconsideration, the Motion is untimely. "The deadline to file a motion for reconsideration of an order or judgment on the grounds that it was erroneous in fact or law is 14 days after the entry of the order or judgment." L.B.R. 9024-1(a)(1) (E.D. Mich.). Here, the 14-day deadline was June 7, 2024. The Motion was filed on June 10, 2024, and therefore is untimely.

Fourth, the Court responds to the Debtor's various arguments, as follows.

The Court disagrees with all of the Debtor's arguments for trying to avoid paying some or all of the filing fees that she owes for the seven prior bankruptcy cases (totaling $1,585.00).

1. Contrary to the Debtor's assertion, no part of the Debtor's obligation to pay filing fees for the Debtor's prior cases is time-barred.

    a. The Michigan 10-year statute of limitations cited by the Debtor, Mich. Comp. Laws Ann. § 600.5809(3),[1] does not apply to the filing fees. It applies only to "an action founded upon a judgment or decree rendered in a court of record . . . ." The Debtor's obligation to pay filing fees for this case, and for her seven prior bankruptcy cases, is not based on "a judgment or decree" of this Court, or of any court. It is based on a federal statute regarding the filing fee that must be paid when a debtor files a bankruptcy case. *See* 28 U.S.C. § 1930.

    b. Nor is this Court's enforcement of the Debtor's statutory obligation to pay the filing fees "an action" as that phrase is used in the Michigan statute of limitations.

    c. The Debtor cites no authority holding that a bankruptcy debtor's obligation to pay filing fees for a prior bankruptcy case is subject to the Michigan statute of limitations, or to any statute of limitations. And the Court is aware of no such authority.

---

[1] The Debtor incorrectly cited this statute as Mich. Comp. Laws § 600.6809(3).

3

2. None of the filing fees were discharged in any of the Debtor's prior bankruptcy cases.

a. The Debtor has filed a total of eleven bankruptcy cases in this Court, including the present case. Of the Debtor's ten prior cases, she failed to pay the filing fee in seven of those cases. The Debtor received a discharge in only the very first of her prior ten cases — the Chapter 7 case she filed in 1999, Case No. 99-46977. She did not receive a discharge in any of the nine bankruptcy cases filed after the 1999 case. So none of the Debtor's filing fees were ever discharged in any bankruptcy case. The relevant information about the Debtor's prior ten cases includes the following:

| Case | Chapter | Case Filed | Case Dismissed | Debtor Discharged | Unpaid Filing Fee |
|---|---|---|---|---|---|
| 99-46977 | 7 | 04/28/1999 | | 08/05/1999 | |
| 03-67209 | 13 | 10/02/2003 | 10/30/2003 | no | 194.00 |
| 05-64955 | 13 | 08/08/2005 | 09/13/2005 | no | 194.00 |
| 05-88153 | 13 | 10/15/2005 | 01/13/2006 | no | 94.00 |
| 07-65467 | 13 | 12/14/2007 | 01/07/2008 | no | 274.00 |
| 08-49406 | 7 | 04/18/2008 | 05/14/2008 | no | 299.00 |
| 08-70934 | 7 | 12/18/2008 | 01/23/2009 | no | 299.00 |
| 13-61871 | 7 | 12/04/2013 | 12/13/2013 | no | 231.00 |
| 22-46957 | 13 | 09/02/2022 | 02/03/2023 | no | |

| 23-41965 | 13 | 03/07/2023 | 12/05/2023 | no | |

3. The Court erroneously confirmed a plan in the Debtor's last Chapter 13 case, Case No. 23-41965, but that case was later dismissed, without a discharge, after the Debtor had made only 26% of the payments required by her confirmed Chapter 13 plan. *See* "Order Dismissing Chapter 13 Case" (Docket # 46 in Case No. 23-41965).[2]

a. The Court should not have confirmed a plan in Case No. 23-41965. Because the Debtor owed unpaid filing fees from her prior cases, it was an error for the Court to confirm a plan in that case. One of the requirements that must be met before the Court can confirm a plan in a Chapter 13 case is that "any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid." 11 U.S.C. § 1325(a)(2). The unpaid filing fees for the Debtor's prior cases are fees "required [to be paid] under chapter 123 of title 28," because they are fees required by 28 U.S.C. § 1930. And those filing fees all were "required . . . to be paid before confirmation," because they all were due to be paid long before the confirmation date in Case No. 23-41965. Thus, even though the Debtor had paid the filing fee for Case No. 23-41965, the fact that she still owed overdue and unpaid filing fees for seven prior bankruptcy cases should have prevented confirmation of any plan. At the time of confirmation, the undersigned judge was not made aware of those prior unpaid filing fees. Had he been, he would not have confirmed the plan. In any event, Case No. 23-41965 was later dismissed, and

---

[2] In the earlier Chapter 13 case filed by the Debtor in 2022, Case No. 22-46957, the Debtor failed to make any required pre-confirmation plan payments, as required by 11 U.S.C. § 1326(a)(1), and the case was dismissed for that reason, before any plan was confirmed. *See* "Order Dismissing Chapter 13 Case" (Docket # 27 in Case No. 22-46957).

5

that dismissal nullified the confirmed plan. *See In re Energy Future Holdings Corp. Fenicle v. Energy Future Holdings Corp.*, No. 15-CV-1183-RGA, 2016 WL 5402186, at *2 (D. Del. Sept. 26, 2016) ("The effect of the failure of consummation of Debtor's confirmed plan in the instant case is similar to the effect of a denial of a plan with leave to amend. The original confirmed plan "has been rendered null and void in all respects.").

    b. Now the undersigned judge is aware of the Debtor's unpaid prior filing fees, and he cannot and will not ignore them.

    4. The Court rejects the Debtor's argument that "fees owed for previous filings should be treated only as a general claim," subject to discharge in the current Chapter 7 case, and that this case cannot be dismissed because of unpaid fees from prior cases. In support of her argument, the Debtor cites one reported case, *In re Howard*, 333 B.R. 826, 827 (Bankr. W.D. Wis. 2005). This Court respectfully disagrees with the *Howard* case. Later cases have disagreed with the *Howard* case, and this Court agrees with those later cases, which hold that the bankruptcy court may dismiss a bankruptcy case because the Debtor has failed to pay filing fees in one or more prior cases. *See In re Domenico*, 364 B.R. 418 Bankr. D.N.M. 2007); *In re Wilcoxon*, Case No. 18-62228, 2018 WL 6016540 (Bankr. N.D. Ohio Nov. 15, 2018); *see also In re Gilbert*, Case No. 15-13261, 2016 WL 627902, at *3-5 (E.D. Mich. Feb. 17, 2016) (holding that the bankruptcy court has authority under 11 U.S.C. § 105(a) to dismiss a case because of the Debtor's failure to pay filing fees in one or more prior cases).

The Court reiterates what it has previously held in other cases, namely, that under each of two provisions of the Bankruptcy Code, 11 U.S.C. §§ 105(a) and 707(a)(2),[3] this Court may dismiss this Chapter 7 bankruptcy case if the Debtor fails to pay all of the unpaid filing fees that she owes for her prior seven cases, plus the filing fee for this case. *See, e.g.*, *In re Gilbert*, Case No. 15-45780 at Docket ## 16, 17, 39 (Bankr. E.D. Mich. 2015); *In re Gilbert*, 541 B.R. 415, 419 (Bankr. E.D. Mich. 2015).[4]

5. The Court cannot waive any of the unpaid filing fees under 28 U.S.C. § 1930(f)(1).

a. Four of the Debtor's prior seven cases were Chapter 13 cases, and as the wording of § 1930(f)(1) makes clear, the filing fee waiver provision in that section applies only to Chapter 7 cases. So the unpaid filing fees for the four Chapter 13 cases, which total $756.00, cannot possibly be waived, at any time, under § 1930(f)(1).

b. The Court cannot waive the filing fee for any of the Debtor's prior cases, or for this case, for the additional reason that the Debtor never filed an application for such a waiver, in this case or in any of the prior cases. Rather, in each case, the Debtor applied only to pay the filing fee in installments. Moreover, the Debtor has not alleged or demonstrated that she was even financially eligible for a filing fee waiver for any of the prior cases.

---

[3] Section 105(a) is quoted in footnote 6, below. Section 707(a)(2) permits the Court to dismiss a Chapter 7 case "for cause," including "nonpayment of any fees or charges required under chapter 123 of title 28[.]"

[4] In the *Gilbert* case, the Debtor appealed this Court's May 6, 2015 order that required the Debtor to pay filing fees totaling $598.00 for two prior cases by a specific deadline, or the case would be dismissed (Docket # 16 in Case No. 15-45780). The district court affirmed that order, based on 11 U.S.C. § 105(a). *See In re Gilbert*, Case No. 15-13261, 2016 WL 627902, at *3-5 (E.D. Mich. Feb. 17, 2016). And this Court dismissed the *Gilbert* case, with a bar to refiling, promptly after the Debtor failed to pay the filing fees by the deadline set by this Court. (*See* "Order Dismissing Case . . ." (Docket # 39 in Case No. 15-45780)).

c. In the current Chapter 7 case, the Debtor alleges that she is eligible for a filing fee waiver under § 1930(f)(1). But she has not filed an application for a waiver of the filing fee in this case. Instead, the Debtor filed an application to pay the $338.00 filing fee in installments (Docket # 4). If the Debtor now wants to file an application to waive the filing fee for the current case, she can still do so, but she must file such an application using the correct official form, Form B 103B. Unless and until she does that, and shows that she meets the requirements to give the Court discretion to grant a filing fee waiver for this case, the filing fee for this case will not be waived.[5]

d. In her Motion, the Debtor alleges that her income during 2022 and 2023 was low enough to make her eligible for a filing fee waiver under § 1930(f)(1). The Debtor's Motion does not support the assertions about her 2022 and 2023 income with any evidence, or cite to any evidence in the record, but even if the assertions are true, that says nothing about whether the Debtor might have been eligible for a filing fee waiver at the time of any of her three prior Chapter 7 cases, two of which were filed in 2008, and one of which was filed in 2013. The Debtor's Motion says nothing about what the Debtor's income was, or what property she had, at the time of those prior cases.

---

[5] It appears from the Schedules A/B, C, I and J, which the Debtor filed on June 11, 2024 (Docket # 21), that the Debtor may be eligible for a waiver of the $338.00 filing fee for this case.

The Court cannot waive the Chapter 7 filing fee in this case under § 1930(f)(1) unless it finds **both** of the following: (1) that the Debtor "has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved[;]" **and** (2) that the Debtor "is unable to pay that fee in installments." *See* 28 U.S.C. § 1930(f)(1).

As Official Form B 103B indicates, meeting these requirements requires the Court to consider in detail not only the Debtor's monthly income, but also her monthly expenses and her property.

e. In any event, it is now far too late for the Debtor to seek a waiver of the filing fee for her three prior Chapter 7 cases, filed in 2008 and 2013. The Debtor forfeited any right to seek a filing fee waiver in those cases, by not applying for a waiver while those cases were still open. "A party . . . forfeits a right by failing to assert it in a timely manner. *See United States v. Olano, 507 U.S.* 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir.2002)." *Davila v. Corporacion De Puerto Rico Para La Difusion Publica*, 498 F.3d 9, 15 n.2 (1st Cir. 2007).

f. In any event, under § 1930(f)(1), the Court has discretion **not** to waive a Chapter 7 filing fee even if the Debtor meets the statute's requirements. (If the requirements are met, the statute says, the Court "may" waive the filing fee.) The Court, in its discretion, would deny any waiver of the long overdue filing fees for the Debtor's three prior Chapter 7 cases.

6. Under the circumstances of this case, the Court will require the Debtor to pay all of the unpaid filing fees, but the Court will grant the Debtor an extension of time to pay them. The Court will not grant the Debtor's request that she be permitted to wait for 180 days before she has to pay anything for the filing fees. Such an extension of time would invite and allow a possible abuse of the bankruptcy system. It would permit the Debtor to pay nothing toward any of the filing fees, and simply sit back and enjoy the benefit of the automatic stay in this case under 11 U.S.C. § 362(a) for 180 days, and then let the case be dismissed for nonpayment of the filing fees. The Court cannot permit abuse of that type, and under 11 U.S.C. § 105(a), the Court has authority to prevent such an abuse.[6]

---

[6] Section 105(a) states:

**The court may issue any order, process, or judgment that is**

9

Instead, while the Court will allow the Debtor more time to pay the filing fees, it will require the Debtor to make four installment payments by specific deadlines, and if the Debtor fails to timely pay any installment, this case will be dismissed, with a bar to refiling, without any further notice or hearing.

For the reasons stated above, the Court now orders as follows.

IT IS ORDERED that the Motion (Docket # 18) is granted in part, only to the extent of the extension of time and requirement to pay the unpaid filing fees in installments that is granted below, and otherwise the Motion is denied.

IT IS FURTHER ORDERED that the Debtor must pay the entire total of $1,923.00 in filing fees that she owes for this case plus the seven prior cases listed above,[7] but the Debtor may and must do so in the following four installments, on or before the following deadlines:

$480.75 by no later than August 19, 2024;

$480.75 by no later than September 18, 2024;

$480.75 by no later than October 18, 2024; and

$480.75 by no later than November 18, 2024.

---

**necessary or appropriate to carry out the provisions of this title**. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, **taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process**.

11 U.S.C. § 105(a) (emphasis added).

[7] This total amount of $1,923.00 is of course subject to reduction, if in the future the Debtor applies for and receives a waiver of the filing fee for this current case.

10

IT IS FURTHER ORDERED that if the Debtor fails to make any of the above installments by the stated deadline, the Court will dismiss this case, without further notice or hearing, and in the event of any such dismissal, the Court will bar the Debtor from filing any new bankruptcy case unless and until she pays in full all of the filing fees owing for all of the Debtor's prior cases and for this case.

**Signed on June 17, 2024**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**